FILED
2018 FEB 12 PM 4:45
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

UNITED STATES

    Plaintiff

vs.

RANDAL THOMAS ROSADO

    Defendant

Case No. 6:18-CV-235-ORL-37-DCI

[Formerly Circuit Court for Lee County, Florida - Case No. 16-CF-275]

## NOTICE OF REMOVAL

Defendant, Randal Thomas Rosado, hereby removes Case No. 16-CF-275 from the Circuit Court for the 20th Judicial Circuit In and For Lee County, Florida to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1455, and as grounds for its removal states the following:

1. The Defendant shows good cause that due to the nature of the charges, including allegations involving documents allegedly filed in the United States District Court Middle District of Florida, the ongoing participation and investigation by Federal agencies and United States District Court, and the extraordinary circumstances surrounding this State Court Action, this Court grant the Defendant's untimely removal to a fair and more suitable venue.

2. The Defendant is charged with fifteen (15) felonies in the Circuit Court for the 20th Judicial Circuit In and For Lee County, Florida, in the case styled STATE OF FLORIDA v. RANDAL THOMAS ROSADO, Case No. 16-275-CF (the "State Court Action"). All charges against the Defendant involve the fraudulent filing of federal documents, or the filing of documents from an organization within federal jurisdiction. The first eight (8) counts accuse the Defendant of filing federal arrest warrants with the United States District Court for the Middle District of

Florida, "on or about May 22, 2015". The remaining seven (7) counts involve "fictitious documents from the International Court of Commerce", located at 1300 Pennsylvania Avenue, NW, Washington, DC 2004. A copy of the charges are attached as Exhibit A hereto.

3. The alleged victims for eight (8) of the charges filed are employees of the same court where the action is, and include the clerk of court, Linda Doggett, and circuit court judges Joseph C. Fuller, Jr. and John E. Duryea, Jr. Judge John E. Duryea, Jr. has been recently awarded a judgment against the Defendant in a civil action in Leon County, Florida with case no. 16-CA-1546, pertaining to this same matter. Judge Duryea was represented by the Florida Attorney General in that case. Circuit court judge, Thomas S. Reese of the same 20th Judicial Circuit was also a Plaintiff in the Leon County civil case. The Defendant fears that he will not receive a fair and impartial trial by the trial judge, Margaret O. Steinbeck, who may be biased to her colleagues, the alleged victims in the case. Judge Reese sits on the bench in place of Judge Steinbeck to cover her cases in her absence, which has caused hearing cancellations in the state court action due to a conflict between Judge Reese and the Defendant.

4. The Lee County State Attorney's Office (LCSAO) and the FBI have conducted a joint investigation led by LCSAO Investigator, Robert Nichols, and former FBI Special Agent Robert Foley, in Fort Myers, Florida. Robert Foley has since retired from the FBI and is currently employed as a prosecutor for LCSAO. The Federal investigation includes more than twenty-five (25) FBI agents and/or federal task force personnel in five states (NY, FL, CA, MI, OH) and Washington, DC. Robert Nichols, Robert Foley, and several FBI agents in New York have been named in a civil rights action in the United States District Court Southern District of New York

Case no. 16-CV-06916 (NSR) for allegations of unlawful arrest and unlawful search and seizure. Robert Nichols is being represented by the Florida Attorney General's Office in that action.

5. The Defendant has been requesting a change of venue or jurisdiction since the inception of this State Court Action, but his court-appointed counsel has simply refused. The Defendant was granted pro se status by the court for self-representation on January 9, 2018. After filing a motion to compel discovery, the Defendant finally received his case discovery on January 27, 2018, more than fifteen (15) months after filing a notice to participate in discovery on October 14, 2016. Due to the unusual circumstances, the Defendant has only now been able to file this Notice of Removal based on the details of discovery.

6. In addition to federal question, the Defendant feels this Notice of Removal should be granted due to the involvement of the Florida Attorney General's Office and public officials from several Florida counties alleging to be victims of the Defendant. This includes identical charges pending in the 19th Judicial Circuit in and for St. Lucie County (16-CF-2305), involving court employees and elected public officials in that community. There are many conflicts with judges, law enforcement and state attorney's offices throughout Florida. As such, the Defendant fears that no state court in Florida can provide him unbiased treatment and an impartial trial. The Defendant is currently held in Lee County on a very excessive bond of $1.5 million, ten times the amount for the same pending charges in St. Lucie County.

7. The Defendant is accused of filing federal arrest warrants and a criminal complaint with this Court on or about May 22, 2015. Clerk of Court, Sheryl L. Loesch, addresses said documents in a letter to Robert Nichols dated July 7, 2015. The documents were

signed by Joel Clifford Soucy as Private Attorney General. The arrest warrants, criminal complaint, letter from Sheryl L. Loesch, and Mr. Soucy's notarized oath of office and declaration as Private Attorney General (pursuant to 42 U.S.C. 1988) recorded with the Commonwealth of Massachusetts on March 20, 2015, are attached as Exhibit B hereto.

8. The Defendant is accused of filing fictitious documents on behalf of Joel Clifford Soucy and others from the International Court of Commerce (ICC) with a mailing address of 1300 Pennsylvania Avenue #190-324 Washington, DC 20004. The ICC claims to be a party to the United Nations Convention of the Recognition of Foreign Arbitral Awards and acts as an Alternative Dispute forum guided by private law and the Federal Arbitration Act, enacted February 12, 1925 (codified at 9 U.S.C. 1 et seq.). The Defendant has not been provided with the documents he is charged with filing, but ICC documents from Soucy to some alleged victims and ICC IRS tax information is attached as Exhibit C hereto.

9. Defendant was arrested by FBI agents in New York, who also conducted a search of the Defendant's residence located at 129 W. Main Street, Goshen NY 10924 on June 28, 2016. Robert Foley, Robert Nichols, and numerous FBI agents participated, including Michael Howard, SSRA James A. Rankine, Patricia Ingam, Michael Castner, John Farrell, Robert Pendergast, Thomas Holmer, Trace Kramer, M. McGovern, SSRA Kevin McCormick, Eugene Hagan, Gary Cooper, William Nickel, Shane Crumlish and several others. FBI documents pertaining to the arrest and search, and a property receipt signed by Michael Howard are attached as Exhibit D hereto.

10. Defendant feels he is being unfairly prosecuted and personally targeted by the LCSAO, Lee County judges, and the clerk of court in this State Court Action. Prosecutor James D. Miller, Investigator Robert Nichols, and former FBI agent Robert Foley, now a

prosecutor for the LCSAO, have an aggressive agenda against the Defendant based on their actions. On July 19, 2017, Mr. Miller emailed an offer to the Defendant's previously court-appointed counsel that violates the Florida extortion statute, and threatens to add federal RICO charges should Defendant fail to accept. While interviewing the Defendant's wife in New York moments after his arrest, Robert Nichols and Robert Foley prove the LCSAO's agenda, indicating the excessive bond and stating how the Defendant will be jailed for "years" before even going to trial. Attorney Foley was an FBI agent at the time, and became employed as a state prosecutor with LCSAO shortly thereafter. The email offer from Attorney James Miller and pages 22 and 23 of the interview transcripts with Nichols, Foley and the Defendant's wife are attached as Exhibit E.

11. On September 2, 2016, FBI agent Robin T. Bairstow served a Federal grand jury subpoena for any and all information relating to 1300 Pennsylvania Ave. NW Washington, DC 20004 mailbox 190-324 leased by ICC. The federal grand jury subpoena was approved by SSA Jennifer L. May. A copy of the FD-302 Form titled Federal Grand Jury Material - Disseminate Pursuant to Rule 6(E) is attached as Exhibit F hereto.

12. On February 1, 2017, Shay C. Mattera, a Detective with the Metropolitan Police and Federal task force in Washington, DC, signed an Application for A Search Warrant with United States District Court for the District of Columbia under Federal Rules of Criminal Procedure P. 41(c) and 18 U.S.C. 1341. The application and Search and Seizure Warrant were signed by U.S. Magistrate Judge, G. Michael Harvey. A copy of the Application for Search Warrant and Search and Seizure Warrant are attached as Exhibit G hereto.

13. On August 25, 2017, FBI Special Agent Allison Nicole Lammers visited Virtual Post Mail at 340 S. Lemon Avenue, Walnut, CA 91789. Agent Lammers was

seeking details regarding an account used by the Defendant, including the mailbox rental application, the Defendant's forwarding addresses, and payment information. A copy of the FD-302 form notifying of the subpoena by Allison Nicole Lammers is attached as <u>Exhibit H</u> hereto.

14. On August 21, 2017 FBI Agent Robert B. Billington served a subpoena from the state of Florida to Ronald Glenn Smith of MailboxForwarding, Inc. at 2855 Sanford Avenue in Grandview, Michigan 49418. According to the FD-302 form completed by Billington, Mr. Smith agreed to contact the investigator listed on the subpoena in order to provide required information. A copy of the Billington FD-302 form is attached as <u>Exhibit I</u> hereto.

15. On September 1, 2017, Investigator Robert Nichols reported that Intelligence Analyst Ashley Flood of the Federal Bureau of Investigation Terrorist Screening Center-Intelligence Unit conducted a computer forensic investigation of the Defendant's laptop computer, which is part of evidence the Defendant claims was seized in the unlawful search of his residence at the time of his arrest. Based on the findings, Nichols traveled to Ohio to the Toledo Police Station at 2330 West Sylvania Ave to meet with Heather Moorehouse with the assistance of Detective Diana Trevino and Sergeant Brian Smith. Mrs. Moorehouse worked as a Virtual Office Assistant for the Defendant from January until June of 2016.

16. During the Deposition of Robert Nichols taken on May 26, 2017, Mr. Nichols acknowledges that while "deciding what is the best venue for this case to be prosecuted, whether it would be here at the State or maybe a federal case," the FBI came in and decided to work the case jointly with former FBI agent, Foley, who is now Nichols' direct colleague at LESAO. It appears that the case should have been at the

federal level, but was kept at the State where the LCSAO and victim members of the court could have full control over the prosecution and trial. Pages 8 and 9 of the Deposition of Robert Nichols is attached as <u>Exhibit J</u>.

17. Due to the multi-jurisdictional federal investigation within five (5) states and federal territory in Washington, DC, and the charges involving the filing of fraudulent federal documents, or documents within federal jurisdiction, the Defendant requests this Court grant removal or conduct an evidentiary hearing to seek further details to justify this removal. Furthermore, the ICC claims to be supported by the Federal Arbitration Act and cites Southland v Keating (465 U.S. 1 (1984). In that case Justice O'Connor argues that Congress viewed the Arbitration Act "as a procedural statute applicable only in Federal courts."

18. Venue is proper in this Court because the U.S. District Court Middle District of Florida is the federal judicial district embracing the Circuit Court for Lee County, Florida, where the State Court Action was originally filed.

## Conclusion

By this Notice of Removal, Defendant does not waive any objection it may have as to jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of guilt, fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: February 8th 2018

Randal Thomas Rosado
2501 Ortiz Avenue
Fort Myers, FL 33905
Defendant, Pro Se

## CERTICATE OF SERVICE

This is to certify that the foregoing Notice of Removal, with exhibits, was sent via United States mail on this 8th day of February, 2018, postage prepaid therein to: United States District Court Middle District of Florida Office of the Clerk at 401 W. Central Boulevard, Orlando, Florida 32801-0210.

*Randal Thomas Rosado*
Defendant