# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STATE OF FLORIDA,**

        **Plaintiff,**

**v.**                                              **Case No:  6:18-cv-235-Orl-37DCI**

**RANDAL THOMAS ROSADO,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* for consideration of Defendant's Notice of Removal.  Doc. 1-2 at 1-8.  In the Notice, Defendant seeks to remove to this Court his pending state court prosecution pending in the Circuit Court for the Twelfth Judicial Circuit of Florida, in and for Lee County, Florida.  Doc. 1-1 at 3-6.  There, Defendant, who was arrested on October 8, 2016, is charged with several felony violations of state law related to the issuance of false arrest warrants and other false documents against lawyers and state court judges in Lee County, Florida.  *Id.*; *see* Lee County Criminal Case Number 16-000275-CF.  According to the publicly-available docket in Defendant's state court prosecution, on October 14, 2016, Defendant entered a written plea of not guilty in that case.  *See* Lee County Criminal Case Number 16-000275-CF. Arraignment occurred on November 7, 2016.  *See id.*  In the Notice, Defendant seeks removal because the underlying state prosecution involved federal agents, federal investigatory process, transcends several jurisdictions, and allegedly involves claims related to the Federal Arbitration Act.  Doc. 1-2.

Pursuant to 28 U.S.C. § 1455, a defendant seeking to remove a criminal prosecution from state court "shall file in the district court of the United States for the district and division within

which such prosecution is pending a notice of removal . . . ."  28 U .S.C. § 1455(a).  The notice of removal must be signed in accordance with Federal Rule of Civil Procedure 11 and contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant in the removed action.  *Id.*  To be timely, the notice of removal of a criminal case must "be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  28 U.S.C. § 1455(b)(1); *see Kendrick v. Fla.*, No. 8:10-CV-2484-T-30, 2010 WL 4680880, at *1 (M.D. Fla. Nov. 10, 2010) (discussing a prior, but substantively identical version of 28 U.S.C. § 1446(c)(1)).

"The United States district court in which such notice is filed shall examine the notice promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  § 1455(b)(4).  To properly remove a state criminal prosecution, "[a] notice of removal of a criminal prosecution shall include all grounds for such removal," and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds."  *Id.* § 1455(b)(2).

"Federal law provides limited circumstances when a state criminal prosecution may be removed to federal court, including certain prosecutions against or directed to officers of the United States and members of the armed forces of the United States."  *Brevard Cty., Fla. v. Smaldore*, No. 6:14-CV-2041-ORL-41, 2015 WL 3830737, at *3 (M.D. Fla. June 19, 2015) (citing 28 U.S.C. § 1442(a).  Specifically, a defendant may remove a state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

An examination of Defendant's notice of removal and exhibits attached thereto make it apparent that removal should not be permitted because the Notice of Removal is defective and Defendant has failed to state any recognized grounds for removal of the state criminal prosecution.

First, Defendant's notice of removal is improper because a defendant seeking to remove a criminal prosecution must file his notice of removal "in the district court of the United States for the district and division within which such prosecution is pending." *See* 28 U.S .C. § 1455(a).  Lee County, Florida is located within the Ft. Myers Division of the Middle District of Florida, not within the geographic bounds of the Orlando Division of this Court, which is where Defendant directed his filing.

Second, Defendant failed to satisfy the procedural requirements of 28 U.S.C. § 1455 because his Notice of Removal is untimely.  Defendant's Notice of Removal was not filed within 30 days of his arraignment.  Here, the public docket of his state court case reflects that Defendant was arrested in October 2016 and arraignment occurred in November 2016, more than a year prior to Defendant filing the Notice of Removal.  Although trial has not occurred, he "undoubtedly is past the removal statute's 30-day-from-arraignment time limit."  *Faircloth v. Georgia*, 2011 WL 4372956, at *1 (S.D. Ga. Sept. 19, 2011), *report and recommendation adopted,* 2011 WL 4827001 (S.D. Ga. Oct. 11, 2011) (citing *Court of Common Pleas v. Kelly,* 417 F. App'x 126, 127 (3rd Cir. 2011) ("A notice of removal of a criminal prosecution shall be filed no later than 30 days after the arraignment in the state court, unless good cause is shown and the district court elects to enter an order granting the defendant leave to file the notice at a later time.")).  Moreover, Defendant has

failed to demonstrate good cause for filing an untimely notice of removal.  Thus, Defendant's Notice of Removal is barred by the time restraints of § 1455(b)(1).

Third, Defendant's notice of removal is improper because there is no statutory basis for removal. There is no suggestion that Defendant is an officer of the United States or a member of the United States' armed forces, such that removal would be appropriate pursuant to §§ 1442 and 1442a.  As to removal pursuant to § 1443, a defendant must show that (1) "the right upon which [he] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality,' " and (2) "he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir.2001) (citation omitted) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792, 794 (1966)); *see Pridgeon v. Fla.*, No. 3:16-CV-473-J-34PDB, 2016 WL 5844154, at *5 (M.D. Fla. June 20, 2016), *report and recommendation adopted*, No. 3:16-CV-473-J-34PDB, 2016 WL 5719351 (M.D. Fla. Oct. 3, 2016) ("The United States Supreme Court has interpreted § 1443 to apply "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights.") (quoting *Rachel*, 384 U.S. at 792).

Here, Defendant has not cited as the basis for removal any federal civil rights law providing for specific civil rights stated in terms of racial equality.  Rather, as discussed above, Defendant cites to the involvement of federal agents in the investigation of his state court prosecution and the alleged relevance of the Federal Arbitration Act, which implicates rights of general application. Further, Defendant has not shown that he is unable to enforce in state court, or that the state courts have otherwise denied him, any specific civil right arising from a federal law providing for that right stated in terms of racial equality.

As such, Defendant has failed to state any grounds for removal of the state prosecution and he has waived any other grounds for removal that may exist as of the filing of the notice of removal.

*See* 28 U.S.C. § 1455(b)(2).  Accordingly, the undersigned respectfully recommends that the Court find that it is clearly apparent from the face of Defendant's notice of removal and exhibits attached thereto that removal should not be permitted.

## IV. RECOMMENDATION.

For the reasons stated above, it is respectfully **RECOMMENDED** that the Court **REMAND** Case No. 16-000275-CF to the Twelfth Judicial Circuit Court in and for Lee County, Florida and **DIRECT** the Clerk of Court to close the file.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendant at his address of record.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 22, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

- 5 -